**TOLUAO FETALAIGA, et al., Appellants**

**v.**

**A.U. FUIMAONO and the Village of A'OLOAU, Appellees**

High Court of American Samoa
Appellate Division

AP No. 3-91

April 20, 1992

Before RICHMOND, Associate Justice.

Counsel: For Appellants, Fai'ivae A. Galea'i
For Appellees, Togiola T.A. Tulafono

Amended Order Dismissing Appeal:

The previous order dismissing this appeal was for failure to timely file an appellants' brief. In this case, however, the appellants' brief was never due because the appellants failed to perfect this appeal by complying with the requirements of Appellate Court Rule 10(b). The appeal is therefore dismissed in accordance with Appellate Court Rule 10(b)(5).

Regardless of the arguments submitted by these appellants that they are awaiting the continuation of a hearing, within ten days after receiving the reporter's or clerk's estimate of the cost of the transcript,

all appellants are required either to file with the clerk of the court a written order to the reporter for a transcript of all or part of the proceedings, or to file a certificate that no parts of the transcript are to be ordered. A.C.R. 10(b)(1). The reporter's estimate in this case was filed on April 1, 1991, and the written order or certificate was therefore due on April 11, 1991. Instead, it still has not been filed over one year later. Under A.C.R. 10(b)(5), the appellate division may, on its own motion, dismiss the appeal for failure to comply with Rule 10(b)(1), and hereby does so.

Even if the certificate or order for the transcript had been timely filed, however, the appeal would still be dismissed for lack of jurisdiction. In order for the appellate court to have jurisdiction over an appeal, a motion for new trial or for reconsideration must be filed within ten days after the announcement of the judgment or sentence, and within ten days after the denial of that timely motion, the notice of appeal must be filed. A.S.C.A. § 43.0802; *Taulaga v. Patea*, 17 A.S.R.2d 34 (1990); *Judicial Memorandum No. 2-87*, 4 A.S.R.2d 172 (1987). Only if both of these requirements are met does this Court have jurisdiction to consider the appeal.

In this case, the announcement of judgment was on August 6, 1990, and the earliest motion for reconsideration was filed on September 10, 1990, 25 days too late. A second motion for reconsideration was also filed beyond the ten-day limit. This latest motion for reconsideration, to reconsider the denial of the earlier motion for reconsideration, was denied on February 5, 1991, and the notice of appeal was then filed on March 22, 1991, 35 days too late, even using the latest denial date.[1] Thus, even viewing the filing dates in the light most favorable to appellants, which the Court is no longer inclined to do in this case because of the continued abuses of the judicial process, both motions were untimely, and the appellate court never acquired jurisdiction over these proceedings. The decision of the trial court is therefore final and unappealable, and any further attempts to continue appealing essentially the same decision may be met with appropriate sanctions by either the appellate court or the trial court.

---

[1] For further explanation of the convoluted history of this case, see *Fuimaono v. Toluao*, LT No. 12-87 ("Memorandum Opinion and Order on Motion for Reconsideration of Denial of Motion for Reconsideration or Relief from Judgment," issued Feb. 12, 1991).

For these reasons, the appeal is dismissed. It is so ordered.